IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BERNAL SMITH**                                                                        **PLAINTIFF**

v.                                                             Civil Action No.: 3:16-cv-00160-MPM-JMV

**HSBC BANK USA, N.A., AS TRUSTEE**                              **DEFENDANTS**
**FOR THE STRUCTURED RATE**
**MORTGAGE LOAN TRUST PASS**
**THROUGH CERTIFICATES 2005-21**

## MEMORANDUM OPINION AND ORDER

Presently before the Court is defendant HSBC USA, N.A., as Trustee for the Structured Rate Mortgage Loan Trust Pass Through Certificates 2005-21's ("HSBC") *Motion for Summary Judgment* [44]. In the alternative of summary judgement, the Defendants move the court to limit the Plaintiff's damages to the statutory damages provided in 15 USC § 1640(a)(2)(A). Plaintiff Bernal Smith ("Smith") responded in opposition to the motion, and HSBC filed a reply. Having reviewed these submissions, along with relevant authorities and evidence, the Court is now prepared to rule.

### I. FACTUAL BACKGROUND

On July 22, 2005, Bernal E. Smith and Twanda Peete-Smith executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc., as nominee for SouthStar Funding, LLC. Following several assignments, HSBC was assigned the Deed of Trust on January 12, 2015.

On April 20, 2015, Smith filed a complaint in the Chancery Court of DeSoto County alleging, among other causes of action, HSBC's violation of 15 USC § 1641(g), a statutory requirement that an assignee give notice to the borrower when it acquires a deed of trust. On July

1

18, 2016, HSBC removed to this Court. On December 28, 2016, Smith filed his *Amended Complaint* alleging HSBC's violation of only § 1641(g) and its accompanying regulation 12 CFR § 226.39. Smith requests actual damages, statutory damages, and attorney fees pursuant to 15 USC § 1640(a)(1)-(a)(3). On June 2, 2017, HSBC filed the present motion, arguing that the filing of Smith's complaint exceeded the one year statute of limitations found in § 1640(e). In the alternative, HSBC argues that Smith has failed to adequately plead or support a claim for actual damages, and his recovery should be limited to statutory damages permitted in §1640(a)(2)(A). Smith filed a response to the motion, and HSBC filed a reply. Upon due consideration of the parties' arguments, along with relevant authorities, and for the reasons set forth hereinafter, the Court finds that the primary motion is not well-taken and should be denied. Further, the Court finds that the alternative motion is well-taken and should be granted with modification.

## II. RULE 56 STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635

2

F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). However, "[s]ummary judgment is [] improper where the court merely believes it unlikely that the non-moving party will prevail at trial." *U.S v. Miss. Dep't of Pub. Safety*, 309 F.Supp.2d 837, 840 (S.D. Miss. 2004) (citing *Nat'l Screen Serv. Corp. v. Poster Exch., Inc.*, 305 F.2d 647, 651 (5th Cir. 1962)).

### III. DISCUSSION

#### A. Smith's claim is not barred by the statute of limitations

HSBC asserts a default letter sent on August 1, 2013, describing Smith's creditor as "SARM 2005-21" placed Smith on notice that his Deed of Trust had been assigned to SARM 2005-21. HSBC asserts that this default letter is proof that an assignment to SARM 2005-21 occurred more than one year ago, and therefore, Smith's claim is barred by the one year statute of limitations set forth in § 1640(e). However, the Corporate Assignment of Deed of Trust recorded in the DeSoto County Chancery Court states "Date of Assignment: January 12th, 2015." [44-4, page 2].

HSBC attempts to reconcile these conflicting dates by explaining "transfers of mortgages do not always appear on the record when they occur if a deed of trust is held by a nominee or agent . . ." indicating that the assignment actually occurred prior to August 1, 2013, but wasn't recorded until January 12, 2015. [45, page 3]. HSBC also cites Miss. Code Ann. § 89-5-37 as evidence that the assignment may not be entered on the record when it actually occurred. Section 89-5-37 provides an exemption to deed of trust disclosures where the beneficiary of the deed of trust is represented by a trustee, such as HSBC. However, this exemption applies to the

3

duty to disclose to the clerk of the chancery court a new beneficiary to a deed of trust. Title 15 § 1641(g) is dependent not upon a state-mandated duty to disclose but upon the mere occurrence of an assignment.

Further, HSBC is not exempt from disclosure because HSBC is not "disclosed as beneficiary in the mortgage or deed of trust." Miss. Code Ann. § 89-5-37; *see Burton v. Nationstar Mortg., L.L.C.*, 642 F. App'x 422, 425 (5th Cir. 2016) (holding Mortgage Electronic Registration Systems, Inc. (MERS Corp.) can assign a deed of trust to other MERS members and not be required to record the assignment because MERS Corp. still holds the deed of trust in the public records). MERS is listed on the instant Deed of Trust, but HSBC does not allege that it or any other intermediate assignee is a MERS member. The Court notes that all assignees to this Deed of Trust must be MERS members to create a chain of assignment totally exempt from disclosure under § 89-5-37. Therefore, HSBC is obligated to disclose its assignment of the Deed of Trust. In fact, HSBC did so on January 12, 2015.

The applicable statute of limitations states an action must be brought "within one year from the date of the occurrence of the violation." 15 USC § 1640(e). The question remaining is when did the "violation" occur, and if the violation occurred before the January 12, 2015 assignment, should the statute of limitations be tolled in light of HSBC's tardy disclosure of the assignment. The violation occurred when HSBC failed to give notice 30 days after the date of assignment or transfer. *See* 15 USC § 1641(g); 12 CFR § 226.39(b). The "date of transfer" is described as "either the date of acquisition recognized in the books and records of the acquiring party, or the date of transfer recognized in the books and records of the transferring party." 12 CFR § 226.39(b)(2). The only record that could match this description is the Corporate Assignment of Deed of Trust attached to HSBC's Motion. [44-4]. The Assignment clearly

4

states "Date of Assignment: January 12th, 2015." [44-4, page 2]. Without further evidence of a date of acquisition "recognized in the books" of HSBC or the entity which assigned the Deed of Trust to HSBC, the Court can only conclude that the "date of transfer" was January 12, 2015.

Regardless of the date of transfer, the clear intent of 15 USC § 1641(g) and 12 CFR § 226.39 is to give the borrower notice as to which entity holds his or her rights and responsibilities concerning payment, payment disputes, and rights of rescission. *See* 12 CFR § 226.39(d)(3). The policy goal of TILA can only be achieved if the borrower has a fair opportunity to seek redress for the lender's failure to give this notice. The Court cannot say that Smith was put on notice of the assignment merely by receiving a default letter describing his creditor as "SARM 2005-21." The policy goal can only be achieved if notice is given upon the filing of the assignment. Until the assignment is of record, the statute of limitations cannot logically or legally obtain. Therefore, regardless of the true date of assignment, the statute of limitations did not begin to run until the assignment was recorded with the Chancery Court of DeSoto County.

Given that the Plaintiff filed this suit within one year of the filing of the Assignment on January 12, 2015, the suit is timely and proper. Therefore, HSBC's *Motion for Summary Judgment* should be denied.

### B. Smith has failed to support a claim for actual damages

Alternatively, HSBC claims that Smith has failed to sufficiently allege or support a claim for actual damages. "Actual damage is thus sustained as a result of a failure to disclose under the statute if a consumer can show that, had he been properly informed, he would have engaged in a different or less-expensive transaction." *Perrone v. Gen. Motors Acceptance Corp.*, 232 F.3d 433, 436 (5th Cir. 2000). A plain interpretation of "actual damages" in 15 USC § 1640(a)(1)

requires "a direct causal relationship between the amount of damages and the injury or harm." *Id.* The Fifth Circuit has stated that "proof of detrimental reliance" is required to establish actual damages for violation of the Truth in Lending Act (TILA). *Id.* at 440. Smith requests actual damages under three different allegations.

First, Smith asserts he could have engaged in a different transaction, such as modification, had he known HSBC was his new creditor. Smith submits a declaration stating he "could have entered into an alternative transaction." [47-1, page 1]. No other facts to support this claim are alleged in the *Amended Complaint* or Smith's *Response* to the instant Motion. Smith does not assert that he attempted to modify his loan and could not do so because of HSBC's failure to notify. Further, Smith submits no evidence or allegation of any monetary benefit that would have resulted from such a modification. No reasonable jury could return a verdict in favor of Smith on this issue based on the facts alleged. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Second, Smith pleads the fair market value of his property on the date of foreclosure as an element of actual damages. Smith claims HSBC's failure to notify Smith of the assignment "proximately caused actual damages in the form of the loss of fair market value of his property." [48, page 5]. Again, Smith has not submitted any specific factual allegations or evidence of detrimental reliance upon HSBC's duty to notify. Smith has not brought forward any facts that show a genuine issue in need of factual determination. *See Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). No reasonable jury could conclude from these facts that HSBC's failure to notify Smith of the assignment proximately caused a loss in the fair market value of his property. *See Anderson*, 477 U.S. at 248.

6

Finally, Smith claims emotional distress. "[C]onsequential damages, including those for emotional distress, are recoverable in extreme cases." *Butler v. Sterling, Inc.*, 210 F.3d 371 (6th Cir. 2000). However, "an aggrieved borrower would need to demonstrate at a minimum, considerable embarrassment or humiliation." *Id.* Smith did not provide any allegations of emotional distress in his *Amended Complaint*, and he has not supplemented any specific facts to support such an allegation. *See* Fed. R. Civ. P. 9(g) (requiring special damages, such as emotional distress, to be specifically stated). Smith has not come forward with specific facts that could support a finding of considerable embarrassment or humiliation. In fact, the Court is not aware of any claim by Smith that he experienced embarrassment or humiliation. Therefore, Smith has not shown a genuine factual issue for trial as to emotional distress. *See* Fed. R. Civ. P. 56(a).

Therefore, taking the facts in a light most favorable to Smith, the Court finds that there are no genuine issues of material fact as to actual damages. *See Id.* Further, this Court feels that no reasonable jury could return a verdict in favor of Smith for actual damages. *See Anderson*, 477 U.S. at 248.

### C. Attorney's Fees

Smith also requests in his *Amended Complaint* an award for attorney's fees pursuant to 15 USC § 1640(a)(3). The statute provides for damages in the amount of "in the case of any successful action to enforce the foregoing liability [for statutory or actual damages as set forth in § 1640(a)(1)-(a)(2)] . . . the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 USC § 1640(a)(3). HSBC does not overtly contest an award of attorney's fees should HSBC be held liable. In fact, HSBC does not even mention the issue of

attorney's fees, even though 15 USC § 1640 makes provisions for attorney's fees in conjunction with statutory damages.

## IV. CONCLUSION

"[S]ummary judgment for the moving party is only proper when a rational jury, looking at the record as a whole, could not find for the nonmoving party." *Simmons v. Ford Motor Co.*, 2006 WL 3760521, at *2 (S.D. Miss. Dec. 15, 2006) (citing *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Smith's claim is not barred by the one year statute of limitations, making summary judgment improper. However, the Defendant's motion for the Plaintiff to be limited to statutory damages is well-taken with the exception that it fails to acknowledge Smith's claim for attorney's fees. Therefore, Smith's damages are limited to statutory damages and attorney's fees pursuant to 15 USC § 1640(a)(2)-(a)(3).

Accordingly, it is hereby ORDERED that HSBC's *Motion for Summary Judgment* [44] is GRANTED in part and DENIED in part.

SO ORDERED, this the 18th day of August, 2017.

/s/ Michael P. Mills
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI